IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-79,104-06 & WR-79,104-07






EX PARTE RICKY LYNN ADAMS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 26167 & 26168 


 IN THE 3RD DISTRICT COURT FROM ANDERSON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and aggravated robbery and sentenced to thirty years' imprisonment for each charge. 

 Applicant contends that he is being denied credit for pre-sentence jail time credit which was
granted by the trial court. Applicant has alleged facts that, if true, might entitle him to relief. Tex.
Code Crim. Pro. Art. 42.03 §2(a). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date and the amount of pre-sentence
jail time credit applied for each cause. The affidavit should state whether Applicant has ever been
released to parole or mandatory supervision and if so, whether he has forfeited any street time in
these causes. Finally, the affidavit should indicate whether or not Applicant has submitted his claim
to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
has properly exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant is receiving
credit for the amount of pre-sentence jail time listed on his judgment. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: June 12, 2013

Do not publish